THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL and SHAVONNE TONNES, | CASE NO. C18-0468-JCC |
| Plaintiffs, | ORDER |
| v. | |
| U.S. GOLDEN EAGLE FARMS, L.P., | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion to compel discovery (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.  BACKGROUND

Plaintiffs Daniel and Shavonne Tonnes allege that their neighboring landowner, Defendant U.S. Golden Eagle Farms, L.P., has filled, dredged, and dug waterways on its property, which has damaged Plaintiffs' property and the surrounding environment. (*See generally* Dkt. No. 1.) Plaintiffs assert the following causes of action against Defendant: (1) violation of the Clean Water Act (CWA), 33 U.S.C. § 1311(a); (2) violation of the Shorelines Management Act, Wash. Rev. Code § 90.58.230; (3) nuisance *per se* based on violations of state and federal environmental laws; (4) common law nuisance; and (5) intentional trespass; and (6)

negligence. (*Id.* at 16–19.)

Plaintiffs filed this motion to compel the following discovery: (1) all documents related to Defendant's communications with regulatory agencies related to activities, authorizations, violations, or conditions on Defendant's property; (2) photographs of Defendant's property that is at issue in this lawsuit; and (3) all documentation related to Defendant's restoration plan and "stream functions assessment."[1] (Dkt. No. 22 at 9.) Defendant responded with a three-page declaration by its defense counsel, who admitted that some of the documents Plaintiffs identified had not been previously produced, but indicated that Defendant had fully supplemented its discovery responses. (*See* Dkt. No. 29 at 2) ("Defendant has given over every document Plaintiffs have requested and produced documents they could have just as easily acquired on their own.") In their reply brief, Plaintiffs suggest that Defendant has still not provided all responsive documents.[2] (Dkt. No. 30.)

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). If a party fails to comply with a discovery order, the district court may also sanction that party

---

[1] Plaintiffs also state that they "respectfully request the court to compel [Defendant] to produce any other unproduced records responsive to RFP Nos. 1, 3, 8, 9, 14, 15, 16, 18." (Dkt. No. 22 at 10.) Plaintiffs do not explain how Defendant has failed to respond to these individual requests for production, and the Court will not examine each request in an attempt to guess.

[2] Additionally, for the first time in their reply brief, Plaintiffs ask the Court to compel Defendant to produce various financial records. (*See* Dkt. No. 30 at 3.) The Court will not consider Plaintiffs' request because it was not contained in their original motion. *See Glenn K. Jackson v. Roe*, 273 F.3d 1192, 1201–02 (9th Cir. 2001) (noting that district courts have discretion to consider issues raised for first time in a reply brief). With this in mind, Defendant's motion to strike Plaintiffs' reply brief (Dkt. No. 32) is DENIED.

accordingly. Fed. R. Civ. P. 37(b)(2). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. Communications with Regulatory Agencies

Plaintiffs' Request for Production 8, originally sent to Defendant on June 13, 2018, stated: "Produce all documents related to communications with regulatory agencies (including U.S. EPA, U.S. Corps of Engineers, City of Everett, Snohomish County, Marshland Flood Control District, Washington Department of Ecology, and Washington Department of Fish and Wildlife) related to activities, authorizations, violations, or conditions on [Defendant's] property." (Dkt. No. 23-1 at 10.) Defendant initially responded, "there are none." (Dkt. No. 23-4 at 13.) In May 2019, Defendant subsequently submitted a declaration in opposition to Plaintiffs' motion for partial summary judgment, which referenced communications with the City of Everett that had not been previously produced in discovery. (*See* Dkt. No. 21-2.)

In its response to Plaintiffs' motion to compel, Defendant does not specifically address whether it has disclosed all responsive documents to Plaintiffs' Request for Production 8, other than to generally state that "[a]ll of the documents requested have only been recently generated." (Dkt. No. 29 at 2.) In their reply, Plaintiffs assert that Defendant has still not produced various records related to pending regulatory enforcement actions by the City of Everett. (Dkt. No. 30 at 2.)

The Court FINDS that the information sought by Plaintiffs' Request for Production 8 is relevant to proving each of their causes of action against Defendant. Moreover, it appears that Defendant has failed to produce all responsive documents. Therefore, Plaintiffs' motion to compel is GRANTED as to Request for Production 8.

### C. Photographs of Defendant's Property

Plaintiffs' Request for Production 9 stated: "Produce all documents depicting [Defendant's] property." (Dkt. No. 23-1 at 10.) Defendant responded by attaching a "parcel

1 map" of its property. (Dkt. No. 23-4 at 13.) Defendant subsequently filed photographs of the
2 relevant area with its opposition to Plaintiffs' motion for partial summary judgment, which had
3 not been previously produced in discovery. (Dkt. No. 21-1 at 22–27.)

4 In its response, Defendant states that it made an "additional search for photos and turned
5 up a few additional items taken in April or May of this year." (Dkt. No. 29 at 2.) Defendant
6 asserts that it has now provided Plaintiffs with all of the relevant photographs. (*Id*.) Plaintiffs do
7 not dispute Defendant's assertion in their reply brief. (*See* Dkt. No. 31.) It appears from the
8 record before the Court that Defendant has satisfied its discovery obligations regarding
9 producing relevant photographs of its property. Therefore, Plaintiffs' motion to compel is
10 DENIED as to Request for Production 9.

**D.      Restoration Plan and Stream Functions Assessment**

12 Defendant included with its response to Plaintiffs' motion for partial summary judgment
13 a "Stream Functions Assessment." (*See* Dkt. No. 21-4.) This document is a detailed report
14 created by a third party in response to a regulatory enforcement action by the City of Everett
15 against Defendant related to the ditching and drainage work that is at issue in this lawsuit. (*See*
16 *id.*; Dkt. No. 1.) Plaintiffs allege that this report, and its supporting documentation, are
17 responsive to several of its prior requests for production and relevant to "assessing the
18 appropriate injunctive relief and to assess the CWA penalty factors," that they ask the Court to
19 impose. (Dkt. No. 22 at 9.) In its response, defense counsel stated: "after review we learned that
20 we had already disclosed that document in our June 7th submission. I delivered a second
21 courtesy copy of [the Steam Functions Assessment] yesterday." (Dkt. No. 29 at 2.) Production of
22 the report itself, however, does not address whether Defendant disclosed the documents used in
23 developing this assessment.

24 The Court FINDS that such supporting documentation is responsive to Plaintiffs' Request
25 for Production 1, which sought documents describing "the modifications of [Defendant's]
26 property, including but not limited to changes in land elevation or grade, to watercourse, other

1 changes made in preparation for use of [Defendant's] property, dredging, filling, digging, and
2 implementation of erosion control or other environmental protection measures, which
3 [Defendant] made from 2017 to the present." (Dkt. No. 23-1 at 6.) Such information is relevant
4 to proving Plaintiffs' claims and seeking appropriate relief. Therefore, Plaintiffs' motion to
5 compel is GRANTED as to its request for any documents used in developing Defendant's
6 Stream Functions Assessment.

### E. Monetary Sanctions

Plaintiffs ask the Court to impose sanctions pursuant to Federal Rule of Civil Procedure 37(a)(3)(A)–(B). (Dkt. No. 22 at 10.) Plaintiffs ask the Court to require Defendant to pay their reasonable attorney fees and expenses incurred in making this motion and in informally resolving prior discovery disputes. (*Id.* at 11–12.) Defendant states that "Plaintiffs seek to compel production of material they already possess, and ask for sanctions to produce information they could and should have procured before filing this Complaint. Their Motions are ill-considered at best." (Dkt. No. 31 at 3.) The Court disagrees.

The record before the Court amply demonstrates that Plaintiffs have previously sought to informally resolve discovery disputes on several occasions. Indeed, Plaintiffs point to at least three examples where Defendant did not produce responsive documents until Plaintiffs requested a discovery dispute conference. (Dkt. No. 23 at 2–4.) It appears that Defendant has continually failed to fully respond to Plaintiffs' discovery requests and also failed to adequately supplement its responses. (*See id.*) This motion to compel is just the latest example of Defendant's dilatory conduct. (*See* Dkt. No. 31 at 2) (Defense Counsel: "I believed I had provided [the requested] documents in our second response to the Requests for Production . . . . I asked my client to make an additional search for photos and turned up a few additional items taken in April or May of this year and only recently sent to us.")

Given Defendant's discovery conduct, and the fact that the Court has partially granted

Plaintiffs' motion to compel, a monetary sanction is warranted. *See* Fed. R. Civ. P. 37(a)(5)(A).[3] Defendant shall pay Plaintiffs' reasonable attorney fees and expenses incurred in filing their motion to compel.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (Dkt. No. 22) is GRANTED in part and DENIED in part. In accordance with the Court's order:

1. No later than July 24, 2019, Defendant shall produce all responsive documents to Plaintiffs' Request for Production 8, to include supplementing its previous document production.

2. No later than July 24, 2019, Defendant shall produce any documents used in developing its Stream Functions Assessment.

3. No later than July 24, 2019, Plaintiffs shall file a declaration documenting their reasonable attorney fees and expenses incurred in making their motion to compel.

4. No later than July 26, 2019, Defendant may file up to a three-page response regarding the reasonableness of Plaintiffs' requested fees and expenses.

DATED this 18th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] "If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).