THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL and SHAVONNE TONNES,

        Plaintiffs,

   v.

U.S. GOLDEN EAGLE FARMS, L.P.,

        Defendant.

CASE NO. C18-0468-JCC

ORDER

This matter comes before the Court on Plaintiffs' declaration in support of attorney fees (Dkt. No. 36) and Defendant's response (Dkt. No. 39). On July 18, 2019, the Court granted in part and denied in part Plaintiffs' motion to compel discovery. (Dkt. No. 35.) In doing so, the Court found that a monetary sanction was warranted under Federal Rule of Civil Procedure 37(a)(5)(A), and ordered Defendant to pay Plaintiffs' reasonable attorney fees and expenses incurred in filing their motion to compel. (*Id*. at 5–6.) The Court ordered Plaintiffs to file a declaration documenting their reasonable attorney fees and expenses, and allowed Defendant to file a response regarding the reasonableness of the requested award. (*Id*. at 6.)

Plaintiffs seek $7,264 in attorney fees,[1] which represents 22.7 hours of work expended at

---

[1] Plaintiffs assert that they are only seeking fees for the work of attorney Meredith Crafton, despite the fact that her co-counsel Richard Smith, who bills at a higher rate, expended approximately three hours of work on the motion. (*See* Dkt. No. 36 at 1, 5.)

an hourly rate of $320. (Dkt. No. 36 at 5.) Defendant objects to the requested award, arguing that the amount of time expended on the motion was unreasonable. (*See* Dkt. No. 39.)

District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

To determine a reasonable billing rate, the Court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). Here, the Court finds that Ms. Crafton's hourly rate of $320 was reasonable. *See, e.g.*, *Campbell v. Catholic Cmty. Servs. of W. Wash.*, Case No. C10-1579-JCC, Dkt. No. 120 at 3 (W.D. Wash. 2012) (approving hourly rates of $350/partner, $250/associates, and $125/support staff).

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Given the straightforward nature of Plaintiffs' motion to compel, the Court finds that Ms. Crafton expended an excessive amount of time drafting the motion—approximately 16 hours. The Court reduces the reasonable amount of time spent drafting the motion to compel to 8 hours, which leaves a total of 14.7 hours reasonably expended on the motion. Given the hourly rate of $320, the Court awards Plaintiffs reasonable attorney fees in the amount of $4,704. Defendant shall be responsible for paying this award pursuant to the Court's prior order. (*See* Dkt. No. 35.)

DATED this 2nd day of August 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE